IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 11 C 1428 |
| KOPLOS EXCAVATING, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Koplos Excavating, Inc.'s (Koplos") motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

Plaintiffs are trustees of a multi-employer pension plan (Plan). Koplos was allegedly an employer subject to a collective bargaining agreement and was obligated to make contributions to the Plan's trust fund (Fund). In March 31, 2006, Koplos allegedly effected a complete withdrawal from the Plan and, as a result, Koplos allegedly owes $81,426.00 in withdrawal liability. Plaintiffs contend that Koplos has

1

failed to make the withdrawal liability payments owed and Plaintiffs brought the instant action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Koplos filed a "Motion to Strike Plaintiff's Complaint Pursuant to Rule 12, et seq." (Mot. 1). Although Koplos entitles its motion as a motion to strike, the arguments presented indicate that Koplos is seeking a dismissal of the instant action and thus, the court has treated the motion as a motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief."

*Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

Koplos argues that the court should dismiss the instant action, arguing that Plaintiffs failed to join an indispensable party, that Plaintiffs failed to comply with a condition precedent, and that Plaintiffs failed to plead a consistent claim for liability.

I.  Failure to Join an Indispensable Party

Koplos argues that this case should be dismissed for failure to join an indispensable party. Koplos points out that Plaintiffs have named as Defendants Koplos and "any other trade or business in a controlled group with" Koplos. (Compl. 1). Koplos argues that since Plaintiffs have failed to join any specific trade or business group, Plaintiffs have failed to join an indispensable party. Plaintiffs indicated that they named the Defendants in such a manner because they did not know if Koplos belonged to a controlled group. Plaintiffs indicate that during discovery they have confirmed that Koplos is not a member of a controlled group and Plaintiffs seek leave to file an amended complaint to remove Count II for group liability. Plaintiffs also indicate that since Defendants have contended in their reply brief that Nicholas Koplos is a necessary party to this action, Plaintiffs intend to also

add him as a Defendant in the amended complaint. Plaintiffs are granted leave to file an amended complaint by October 18, 2011. Thus, Koplos' argument concerning the failure to join an indispensable party is moot.

II. Condition Precedent

Koplos argues that the court should dismiss this action because Plaintiffs have not first sought arbitration to resolve this dispute and Plaintiffs have not satisfied a condition precedent to brining an action in federal court. Koplos cites 29 U.S.C. § 1401(a), which provides that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through arbitration." *Id.* However, 29 U.S.C. § 1401(b) provides that "[i]f no arbitration proceeding has been initiated pursuant to subsection (a) of this section, the amounts demanded by the plan sponsor under section 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor" and "[t]he plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection. *Id.* Plaintiffs allege that Koplos failed to initiate any arbitration regarding the withdrawal liability. (Compl. Par. 18). Thus, Plaintiffs were not barred from bringing the instant action prior to arbitration and Koplos has not shown that this case should be dismissed due to a

4

failure to comply with a condition precedent.

III. Consistent Claim For Liability

Koplos contends that the court should dismiss the instant action because Plaintiffs have not pled a consistent claim for liability. Koplos has not explained why the relief sought under ERISA by Plaintiffs is in any way inconsistent, improperly pled, or unclear. Plaintiffs clearly indicate that Koplos had an obligation to contribute to the Fund until March 31, 2006. Koplos, apparently recognizing that there is no pleading deficiency that would warrant a dismissal, changes his position in his reply brief and states that Koplos wants to make sure that there is a "clean, simply stated complaint." (Reply 5). Thus, Koplos has failed to show that Plaintiffs have pled any inconsistent claim for liability. Based on the above, Koplos' motion to dismiss is denied.

## CONCLUSION

Based on the above, Koplos' motion to dismiss is denied. Plaintiffs' motion for leave to file an amended complaint is granted. Plaintiffs are granted leave to file an amended complaint by October 18, 2011. The status hearing set for October 19, 2011 at 9:00 a.m. stands.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 12, 2011